UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0698-CVE-FHM |
| ) | |
| FAMILY DOLLAR STORES OF ) | |
| OKLAHOMA, INC., ) | |
| and BARBARA ROBINSON, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Remand and Brief in Support (Dkt. # 12). Plaintiff argues that she has not asserted any claims that invoke federal question jurisdiction and that removal was improper under 28 U.S.C. § 1441.

**I.**

Plaintiff was an employee of defendant Family Dollar Stores of Oklahoma, Inc. (Family Dollar) from May 2005 through January 8, 2011. Plaintiff was employed as an assistant manager in a Family Dollar store in Drumright, Oklahoma. Plaintiff alleges that her immediate supervisor, the store manager, "engaged in a course of conduct that was intended to and did in fact cause [plaintiff] extreme emotional distress and trauma." Dkt. # 2-1 at 2. Specifically, plaintiff alleges that the store manager: criticized the quality of plaintiff's work; assigned plaintiff inconvenient work hours; refused to allow plaintiff to seek medical care when she was injured while performing her job duties; threatened to fire plaintiff if plaintiff called in sick; made personal attacks regarding plaintiff's social life; spied on plaintiff; and unlawfully obtained private medical information from

plaintiff's doctor. Plaintiff alleges that she reported the store manager's conduct to Family Dollar's management, that no action was taken by Family Dollar, and that the mistreatment increased after she reported it. Finally, alleging that she was unable to endure her situation, plaintiff gave two weeks notice of her resignation from Family Dollar. Upon receiving plaintiff's two week notice, the store manager allegedly terminated plaintiff immediately and prevented her from working the last two weeks she had intended to work.

Plaintiff filed this lawsuit in state court against Family Dollar and defendant Barbara Robinson alleging intentional infliction of emotional distress and wrongful termination.[1] Defendants removed on the basis of federal question jurisdiction, because of plaintiff's allegation that "the actions of [Family Dollar's] store manager in obtaining [plaintiff's] medical information was wrongful and in violation of state and federal law regarding the confidentiality of medical information." Dkt. # 2-1 at 4.[2] Defendants argue that, because plaintiff's claims allege violations of a federal statute, namely the Health Insurance Portability and Accountability Act of 1996

---

[1] Plaintiff's petition is not a model of clear, concise pleading, as it does not separately delineate each claim for relief. However, it is clear that plaintiff's claims are state law tort claims.

[2] The petition also alleges that plaintiff "has been damaged in an amount that is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code." Dkt. # 2-1 at 5. However, plaintiff does not allege any other requirements for diversity jurisdiction in the petition, which, in fact, states that all parties are residents of Oklahoma. Id. at 1. Plaintiff states in her motion that there were certain mistakes in the latter part of her petition which resulted from plaintiff's counsel's use of a prior case's petition as a guide, and counsel's failure to proofread. See Dkt. # 12 at 5, n.1. Because no other basis for diversity jurisdiction is alleged, and because defendant's do not cite diversity jurisdiction as a ground for removal, the Court presumes that the petition's allegation regarding the required damages amount for diversity jurisdiction was included in error and was not an attempt to invoke diversity jurisdiction in this case.

(HIPAA), Pub. L 104-191, 110 Stat.1936 (codified as amended in scattered sections of 42 U.S.C.), the claims arise under federal law.

## II.

Federal courts have subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. When deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to plaintiff's claims. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). Although the plaintiff is generally considered the master of her complaint, "under the artful pleading doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." Turgeau v. Admin. Review Bd., 446 F.3d 1052, 1060 (10th Cir.2006). However, removal statutes are construed narrowly and defendant bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001).

## III.

Defendants initially removed this action because they asserted that plaintiff was bringing a claim for violation of HIPAA. Dkt. # 2 at 3. However, plaintiff states in her motion to remand that her claims are brought under state law and do not present a question of federal law. Dkt. # 12 at 1.

3

Case 4:11-cv-00698-CVE -FHM   Document 26   Filed in USDC ND/OK on 01/25/12   Page 4 of 7

It is clear from the plain language of the petition that plaintiff's claims arise under state tort law and, as plaintiff states in her motion, the alleged HIPAA violation is included in the petition as "evidence of the outrageous conduct of the defendants." Id. at 5. Defendants now concede that plaintiff has only pleaded state law causes of action (Dkt. # 18 at 2). However, defendants argue that federal question jurisdiction still exists because "federal issues impact the state-law claims." Dkt. # 18 at 2.[3]

Even where a cause of action does not arise under federal law, federal jurisdiction may still exist "if the right to relief depends on the validity, construction or effect of federal law." Coffey v. Freeport-McMoran Copper & Gold Inc., 623 F. Supp. 2d 1257, 1269 (W.D. Okla. 2009) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'r & Mfg., 545 U.S. 308, 312 (2005)). In Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), the Supreme Court significantly narrowed the scope of federal question jurisdiction over state law claims. The Court held that district courts do not have federal question jurisdiction over a state law cause of action when the plaintiff relies on federal law as an element of her claim, unless federal law creates a private right of action for the alleged violation. Id. at 816-17. The defendant in Merrell Dow attempted to remove a case to federal court based on plaintiff's allegations that defendant's actions were negligent per se under the federal Food, Drug and Cosmetic Act (FDCA). Plaintiff's claim for negligence was clearly a state law claim, and even though plaintiff cited the FDCA as one basis for

---

[3] Initially, defendants did not oppose plaintiff's motion to remand. Dkt. # 13. However, after receiving correspondence from plaintiff's counsel stating that plaintiff intended to rely on an alleged violation of federal law in support of her state law claims, defendants requested leave to file an amended response opposing the motion. Dkt. # 15. The Court granted defendants' request to file the amended response (Dkt. # 16), although it does not appear that there is any information in the correspondence from plaintiff's counsel that was not already evident from the petition and the motion to remand.

4

liability, federal law was simply used as an element of a state law claim. This was not sufficient to create federal question jurisdiction, because Congress did not intend to allow private litigants to assert federal claims under the FDCA. Id. at 816.

The Merrell Dow decision resulted in a split among circuit courts as to whether it "always requires a federal cause of action as a condition for exercising federal-question jurisdiction." Grable, 545 U.S. at 311-12. In order to resolve this question, the Supreme Court, in Grable, announced a new test for determining when state law claims give rise to federal jurisdiction. The Court held that the lack of a federal cause of action did not preclude a lawsuit's removal to federal court. The test is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. "Ultimately, however, 'it takes more than a federal element' to fit into 'the slim category Grable exemplifies.'" First Pryority Bank v. F&M Bank & Trust Co., No. 10-CV-0434-CVE-TLW, 2010 WL 3547431, at *5 (N.D. Okla. Sept. 9, 2010) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 702 (2006)). The Grable Court further stated that "the absence of a federal private right of action [is] evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires." Grable, 545 U.S. at 318.

It is against this backdrop that the Court must determine whether federal jurisdiction exists. Plaintiff raises the alleged violation of HIPAA as an example of the mistreatment she received at the hands of defendants. However, the alleged HIPAA violation is only one of many allegations made in the petition that form the basis of plaintiff's tort claims. Plaintiff lists many other examples of behavior that, if proven, could support a finding of intentional infliction of emotional distress.

Plaintiff's claims do not rise and fall on the merits of her HIPAA allegation. In fact, as plaintiff points out, she could still prevail even if her HIPAA allegation were not believed by the fact-finder. Thus, the Court finds that, to the extent a federal issue exists, it is not essential to the adjudication of plaintiff's claims. Because resolution of the claims does not hinge solely on a federal question, the presence of the federal issue is inadequate to confer federal jurisdiction. See Zenergy, Inc. v. Palace Exploration Co., No. 07-CV-34-GKF-PJC, 2007 WL 2286266, at *3 (N.D. Okla. Aug. 6, 2007)(granting motion to remand where "federal issues are tangential to the state law claims"); Gonzales v. Ever-Ready Oil, Inc., 636 F. Supp. 2d 1187, 1194 (D.N.M. 2008) (granting motion to remand where "federal issues are not substantial and disputed" and were "only one element of this case"); State of Utah v. Eli Lilly & Co., 509 F. Supp. 2d 1016, 1022 (D. Utah 2007) (granting motion to remand where federal issue was not "essential to the adjudication of plaintiff's claims"); cf. Nicodemus v. Union Pacific Corp., 440 F.3d 1227, 1234 (10th Cir. 2006) (holding federal jurisdiction existed where "[a]ll of plaintiffs' [state law] claims hinge on [federal law]").

This conclusion is supported by the fact that HIPAA does not create a private right of action for alleged disclosures of confidential medical information. See Wilkerson v. Shinseki, 606 F.3d 1256, 1267, n.4 (10th Cir. 2010). While Grable stated that this factor was not dispositive, it can still be highly relevant to questions about Congressional intent and the balance between federal and state judicial responsibilities. Grable, 545 U.S. at 318. To allow this case to proceed in federal court based on an allegation of disclosure of confidential medical information would federalize an entire category of tort claims when Congress has not manifested any intent to do so.

Similarly, courts in other jurisdictions have repeatedly held that there is no federal jurisdiction where HIPAA violations were alleged as part of state law claims. See McKnight v.

Surgical Assocs. of Myrtle Beach LLC, No. 11-CV-02782-RBH, 2011 WL 5869800, at *4 (D.S.C. Nov. 18, 2011) ("Application of [HIPAA] in this case would remain but an element in plaintiffs' state negligence action and cannot give rise to federal question jurisdiction."); Baum v. Keystone Mercy Health Plan, -- F. Supp. 2d --, No. 11-CV-1261, 2011 WL 4632569, at *3 (E.D. Pa. Oct. 5, 2011) ("In spite of the fact that the personal data at the heart of this case is protected by HIPAA, this is a fairly straightforward state-law tort case."); Med 4 Home, Inc. v. Geriatric Servs. of America, Inc., No. CV-08-1912-PHX-JAT, 2008 WL 4905499, at *3 (D. Ariz. Nov. 13, 2008) ("Despite the fact that the information that is the subject of this litigation is protected by HIPAA, this is a standard state-law tort case."); K.V. v. Women's Healthcare Network, LLC, No. 07-0228-CV-W-DW, 2007 WL 1655734, at *1 (W.D. Mo. June 6, 2007) ("[I]t is not clear that resolution of Count IX [involving HIPAA] necessarily depends on resolution of a substantial question of federal law . . . ."); Harmon v. Maury County, No. 1:05 CV 0026, 2005 WL 2133697, at *4 (M.D. Tenn. Aug. 31, 2005) (granting motion to remand where "[p]laintiffs' claims [involving HIPAA] fall within that broad class of state law claims based on federal regulations . . . .").

The mere fact that plaintiff's claims reference federal law does not convert plaintiff's state law claims into federal claims. Defendants have failed to prove that federal subject matter jurisdiction exists under the standard set forth in Grable and its progeny.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand and Brief in Support (Dkt. # 12) is **granted**. The Court Clerk is directed to **remand** the case to the District Court of Creek County.

**DATED** this 25th day of January, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT